**Marion JENNINGS, Individually and on behalf of all other persons similarly situated, Plaintiff–Appellant,**

v.

**NEW YORK STATE OFFICE OF MENTAL HEALTH, and the New York State Department of Audit and Control, Defendants–Appellees.**

No. 31, Docket 92–7386.

United States Court of Appeals, Second Circuit.

Argued Oct. 8, 1992.

Decided Oct. 16, 1992.

one of the SHTAs assigned to each ward to be the same gender as the patients on that ward. Plaintiffs claim that this gender-based assignment policy violates title VII, *see* 42 U.S.C. § 2000e *et seq.*, because it adversely affects their right to seek assignments to particular wards based on seniority.

When the parties cross-moved for summary judgment, Judge Goettel, in a thorough, carefully reasoned opinion, denied plaintiffs' motion, and granted defendants' motion. He determined that the defendants' gender-based policy was permissible as a bona fide occupational qualification under title VII.

We affirm the judgment of the district court for the reasons stated in Judge Goettel's opinion. *See Jennings v. New York State Office of Mental Health*, 786 F.Supp. 376 (S.D.N.Y.1992).

Brian O'Donnell, Albany, N.Y. (Rowley, Forrest, O'Donnell & Hite, P.C., of counsel), *for plaintiff-appellant.*

Marilyn T. Trautfield, Asst. Atty. Gen. of the State of N.Y. (Robert Abrams, Atty. Gen. and Nancy Miller Lerner, of counsel), for defendants-appellees.

Before: VAN GRAAFEILAND, PRATT, and WALKER, Circuit Judges.

PER CURIAM:

Plaintiffs are a class of Security Hospital Treatment Assistants (SHTAs) who are employed at the Mid–Hudson Psychiatric Center (MHPC), a state-run facility for the mentally ill. Plaintiffs appeal from a final judgment of the United States District Court for the Southern District of New York, Gerard L. Goettel, *Judge*, in favor of defendants New York State Office of Mental Health and New York State Office of the State Comptroller.

Plaintiffs provide various services to the facility's residents, who are placed in wards according to their gender. Plaintiffs challenge an OMH policy that, in order to protect the patients' privacy, requires at least